**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TC HULETT, JR.,

    Plaintiff - Appellant,

v.

OLATHE MEDICAL CENTER; JAMES
PATRICK BERRIGAN, MD, in his
individual capacity; EMILY (LNU), Nurse,
in her individual capacity; (FNU) (LNU),
Security Staff, in his individual capacity,

    Defendants - Appellees.

No. 24-3196
(D.C. No. 2:24-CV-02218-EFM-ADM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

    TC Hulett, Jr., sued a hospital and three individuals under 42 U.S.C. § 1983.

He unsuccessfully moved to disqualify the assigned magistrate judge. The district

judge later dismissed the claims against the individual defendants without prejudice

because they had not been served. And the judge dismissed the claims against the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

hospital because Mr. Hulett's complaint contained no allegations showing that the hospital acted "under color of state law," a requirement for liability under § 1983, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).

Although Mr. Hulett has appealed, he presents no argument warranting our review. For the most part, his opening brief recites factual allegations against the defendants. But the brief never challenges the reasons for the district judge's dismissals, so Mr. Hulett has waived any argument against those rulings. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998). His opening brief asserts, without elaboration, that the "magistrate judge showed bias" against him. Aplt. Opening Br. at 4. This single unsupported assertion fails to develop an argument against the denial of the motion seeking to disqualify the magistrate judge. *See Eizember v. Trammell*, 803 F.3d 1129, 1141 (10th Cir. 2015) (noting that "stray sentences" do not adequately present an argument for review). And so he has waived any argument against the disqualification ruling too. *See Adler*, 144 F.3d at 679. He cannot undo his waivers by raising challenges to the relevant rulings for the first time in his reply brief. *See White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017) (recognizing that arguments raised for the first time in a reply brief are waived).

We appreciate that Mr. Hulett represents himself, and we have construed his filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But he still must follow the procedural rules governing all litigants. *See id.*

2

\*        \*        \*

Because Mr. Hulett has waived any challenge to the relevant rulings, we affirm the judgment against him.

Entered for the Court

Bobby R. Baldock
Circuit Judge